PEOPLE, PLAINTIFF AND APPELLEE, *v.* MATTA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Malicious Mischief.

No. 2270.—Decided June 13, 1924.

MALICIOUS MISCHIEF.—Adjusting a conflict in the evidence, the court below found that the goat alleged to have been killed by the defendant was on the side of the road and, on hearing the sound of the hoofs of the horses that the defendant and another person were riding, broke the rope and entered the sugar cane plantation of which the defendant is overseer and he immediately killed it. *Held:* That although on previous occasions some goats had entered the plantation and done damage, the defendant was not justified in killing this animal and his act was malicious.

The facts are stated in the opinion.

*Messrs. González Fagundo & González Jr.,* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant was convicted of malicious mischief for the killing of a goat that he did not own.

The evidence for the Government tended to show that the goat was tethered on the side of a country road and that on hearing the tramp of the horses which the defendant and another person were riding, broke the rope by which it was tied and ran into a field of sugar cane on the property of which the defendant was overseer, whereupon the defendant immediately killed the goat. The evidence for the defendant tended to show that the goat was not tethered on the roadside and did not break the rope on hearing the horses, but that it was in the canefield on the plantation

where it was killed for the reason that people who owned goats in the neighborhood had been notified repeatedly that their animals were causing damages on the plantation.

· · As the trial judge found the defendant guilty, we must conclude that he adjusted the conflict in the evidence against the appellant and, therefore, found that the goat was tethered on the side of the road and broke the rope upon hearing the approaching horses, running into the sugar cane plantation where it was instantly killed by the defendant. Such being the findings, although on previous occasions some goats might have gone into the canefield and injured it, the defendant was not justified in killing this animal and his act was malicious. This case is different from that of *People* v. *Valdés*, 23 P.R.R. 662, for in that case the goat was not tethered a few minutes before it was killed, but was found doing damage to the property.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.